Affirmed and Majority and Concurring Memorandum Opinions filed December
18, 2008








Affirmed and Majority and Concurring Memorandum Opinions filed December 18,
2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00468-CR

_______________

 

DARRYL ONEAL RANDALL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 1000233

                                                                                                                                               


 

C O N C U R R I N G   M E M O R A N D U M  O P I N I O
N








In his
first issue, appellant contends the trial court abused its discretion by
denying his motion to suppress his statement because it was obtained by
officers in violation of Miranda v. Arizona and Texas Code of Criminal
Procedure article 38.22, section 2.  An oral statement made by an accused as a
result of custodial interrogation is inadmissible unless (1) prior to the
statement but during the recording, the accused is given the specific Miranda
warnings contained in article 38.22, section 2(a) of the Code of Criminal
Procedure, and (2) the accused knowingly, intelligently, and voluntarily waives
the rights set out in the warnings.  See Tex. Crim. Proc. Code Ann. art. 38.22, ' 3 (Vernon 2005);  Miranda v.
Arizona, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).  It is
undisputed that appellant was not given the specific Miranda warnings
contained in article 38.22, section 2(a) of the Code of Criminal Procedure.  It
is also undisputed that appellant did not waive any of these rights. 
Therefore, the admissibility of appellant=s statement rests entirely upon
whether all or part of the interview was a custodial interrogation.

  A
person is in custody if, under the circumstances, a reasonable person would
believe that his freedom of movement was restrained to the degree associated
with a formal arrest.  Dowthitt v. State, 931 S.W.2d 244, 254 (Tex.
Crim. App. 1996).  The Areasonable person@ standard presupposes an innocent
person.  Id.  Moreover, the subjective intent of law enforcement
officials to arrest is irrelevant unless that intent is somehow communicated or
otherwise manifested to the suspect.  Id.  The Court of Criminal Appeals
has recognized four factors relevant to determining custody:

(1) probable cause to arrest,

(2) subjective intent of the police,

(3) focus of the investigation, and

(4)
subjective belief of the defendant.  

Id.  However, under Stansbury v.
California, 511 U.S. 318, 321B24, 114 S. Ct. 1526, 1528B30, 128 L. Ed. 2d 293, 298B99 (1994), factors (2) and (4) have
become irrelevant except to the extent that they may be manifested in the words
or actions of law enforcement officials.  See Dowthitt, 931 S.W.2d at
254.  The custody determination must be made on an ad hoc basis, after
considering all of the objective circumstances.  Id. at 255.  The mere
fact that an interrogation begins as noncustodial does not prevent custody from
arising later; a consensual inquiry can escalate into custodial interrogation. 
Id.

The
Court of Criminal Appeals has outlined at least four general situations which
may constitute custody:  








(1) when
the suspect is physically deprived of his freedom of action in any significant
way,

(2) when a
law enforcement officer tells the suspect that he cannot leave, 

(3) when
law enforcement officers create a situation that would lead a reasonable person
to believe that his freedom of movement has been significantly restricted, and 

(4) when
there is probable cause to arrest and law enforcement officers do not tell the
suspect that he is free to leave.  

Id.  Concerning the first three
situations, Stansbury indicates that the restriction upon freedom of
movement must amount to the degree associated with an arrest as opposed to an
investigative detention.  Concerning the fourth situation, Stansbury
dictates that the officers= knowledge of probable cause be manifested to the suspect.  Id. 
Such manifestation can occur if information substantiating probable cause is
related by the suspect to the officers or if such information is related by the
officers.  Id.  Furthermore, situation (4) does not automatically
establish custody;  rather, custody is established if the manifestation of
probable cause, combined with other circumstances, would lead a reasonable
person to believe that he is under restraint to the degree associated with an
arrest.  Id.  The length of time spent interrogating the suspect is
another factor to consider.  Id. at 256. 

In the
case at hand, the main objective circumstances relating to the analysis are as
follows:

!         The interview was conducted at the store, which, at the time,
was appellant=s place of employment.  

!         When the officers interviewed appellant, no warrant had been
issued for appellant=s arrest.  At the beginning of the interview, Officer
Roberts told appellant that he was not under arrest.

!         Approximately five minutes into an interview that lasted less
than thirty-two minutes, Officer Roberts made statements to appellant
manifesting to him the officers= knowledge of
probable cause to arrest appellant for the robbery in question.  After this,
appellant made various incriminating statements.








!         The officers indicated to appellant that the videotape
incriminated him in the robbery but that they were not there to arrest
appellant; rather, they were there to allow appellant an opportunity to tell
the officers what really happened and help them identify and locate the other
two individuals.

!         Officer Roberts stated that it would be no problem if
appellant did not want to change or add to his prior statements, and that if
this were the case, the officers would present the results of their
investigation and the evidence incriminating appellant to the district
attorney.

!         After probable cause had been manifested to appellant, Officer
Bonnette stated that the officers=
purpose was not to arrest appellant and that appellant was not under arrest.

!         Appellant took a call on his cell phone during the interview
without asking for permission and without complaint from the officers.

!         The officers spent a significant portion of the interview
asking appellant questions about the other two individuals and trying to locate
a record of their phone call with appellant in appellant=s cell phone.

!         After the interview was over, the officers left and appellant
was not arrested that day.  

The
manifestation of probable cause, combined with the other objective
circumstances, would not lead a reasonable person to believe that he was under
restraint to the degree associated with an arrest.  See Meek v. State,
790 S.W.2d 618, 622B23 (Tex. Crim. App. 1990).  Accordingly, the trial court did
not err in overruling appellant=s motion to suppress.

 

 

/s/        Kem
Thompson Frost

Justice

 

Judgment rendered and Majority and Concurring
Memorandum Opinions filed December 18, 2008.

Panel consists of Justices Frost, Seymore, and Guzman.
(Seymore, J., majority)

Do Not Publish C
Tex. R. App. P. 47.2(b).